UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:
FUNDAMENTAL LONG TERM CARE,

    Debtor.
_____/

ESTATE OF ARLENE TOWNSEND,
ESTATE OF ELVIRA NUNZIATA,
ESTATE OF JAMES HENRY JONES,
ESTATE OF JOSEPH WEBB,
ESTATE OF OPAL LEE SASSER,
and ESTATE OF JUANITA JACKSON,

    Appellants,

                                Case No.     8:19-cv-1564-T-33
v.                               Bankr. No.   8:11-bk-22258-MGW

SHUMAKER, LOOP & KENDRICK, LLP,
and STEVEN M. BERMAN, ESQ.,

    Appellees.
_____/

## **ORDER**

In the context of a Chapter 7 bankruptcy proceeding, Appellants — the Estates of Arlene Townsend, Elvira Nunziata, James Henry Jones, Joseph Webb, Opal Lee Sasser, and Juanita Jackson — seek leave to file an interlocutory appeal of the Bankruptcy Court's order denying the motion to recuse the assigned bankruptcy judge. (Doc. # 2). Appellees Shumaker, Loop & Kendrick, LLP, and Steven M. Berman, Esq., responded in opposition on July 19, 2019. (Doc. # 9). Likewise, the

Trustee, Beth Ann Scharrer, responded as an interested party on July 19, 2019. (Doc. # 8). For the reasons that follow, the Motion for Leave to File Interlocutory Appeal (Doc. # 2) is denied.

I. **Background**

The underlying Chapter 7 bankruptcy proceeding has been ongoing for several years. And a recitation of its history is not necessary here. Suffice it to say that Appellants moved for the recusal of the bankruptcy judge, Judge Michael G. Williamson, on January 17, 2019, arguing that recusal was necessary based on the alleged conflicts of one of Judge Williamson's law clerks, Edward Comey. (Doc. # 2 at 21-22, 28). Specifically, Appellants argued that Comey was conflicted because he previously worked for Shumaker, Loop & Kendrick — which served as the Trustee's special litigation counsel from 2012 to 2015 — and his wife is currently a partner at that firm. (Id. at 2-3, 22). Because Comey had not been screened from the case earlier, Appellants argued that late screening of Comey was insufficient to cure the alleged bias. (Id.). They insisted that recusal of Judge Williamson from the case was required. (Id.).

Judge Williamson granted Appellants' motion to recuse in part and denied it in part. (Doc. # 2 at 21-40). He declined

to recuse himself, but screened Comey from the case. (Id. at 39).

Dissatisfied with this result, Appellants filed the instant Motion for Leave to File Interlocutory Appeal. (Id. at 1). Appellants also filed a separate petition for writ of mandamus, seeking to compel Judge Williamson to recuse himself from the entire Chapter 7 proceeding. See In Re: Estate of Juanita Jackson et al., 8:19-cv-01517-MSS-TGW (Doc. # 1). That petition is still pending before Judge Scriven.

Now, Appellees and the Trustee have responded in opposition to the Motion for Leave to File Interlocutory Appeal. (Doc. ## 8, 9). The Motion is ripe for review.

**II. Discussion**

"When the bankruptcy order on appeal is not final, it is within the discretion of this Court whether to entertain the appeal pursuant to 28 U.S.C. § 158(a)(3)." Figueroa v. Wells Fargo Bank N.A., 382 B.R. 814, 823 (S.D. Fla. 2007). "Interlocutory review is generally disfavored for its piecemeal effect on cases." Id. Still, this Court has "discretion to grant interlocutory review of bankruptcy court orders if the subject issue: '(1) involves a controlling question of law, (2) as to which there is a substantial ground for difference of opinion, and (3) is such that an immediate

3

appeal would advance the ultimate termination of the litigation.'" Id. (citation omitted); see also In re Celotex Corp., 187 B.R. 746, 749 (M.D. Fla. 1995)("In determining when to exercise this discretionary authority [to hear interlocutory appeals of bankruptcy orders], a district court will look to the standards which govern interlocutory appeals from the district court to the court of appeals pursuant to 28 U.S.C. § 1292(b)."). "Leave must be denied if the party seeking leave to appeal fails to establish any one of the three elements." Figueroa, 382 B.R. at 823.

The Court will address each of the three elements separately.

**A.  Controlling Question of Law**

"An issue is characterized as a controlling question of law if it deals with a question of 'pure' law, or matters that can be decided quickly and cleanly without having to study the record." Id. at 824 (citing McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1258, 1260–62 (11th Cir. 2004)). "The 'antithesis of a proper [Section] 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence.'" In re Pac. Forest Prod. Corp., 335 B.R. 910, 920 (S.D. Fla. 2005)(citation omitted).

4

Here, Appellants list eight supposed "controlling questions of law" raised by this appeal. (Doc. # 2 at 13-14). Appellants argue this case satisfies the controlling question of law prong because their listed "controlling questions of law" "are legal in nature" and "the underlying material facts are uncontested" such that the issues presented on appeal "can be sorted out quickly and through reliance on pleadings, court orders, and hearing transcripts." (Id. at 15).

But "[t]he issue of whether the bankruptcy judge should have recused himself does not involve a controlling question of law as to which there is substantial ground for difference of opinion." McCallan v. Hamm, 502 B.R. 245, 249 (M.D. Ala. 2013). "As was the case in McCallan, the parties in this case do not disagree as to the standard applicable to a bankruptcy judge's recusal determination." In re Gonzalez, No. 8:12-bk-19213-KRM, 2016 WL 1253274, at *5 (M.D. Fla. Mar. 30, 2016). "Rather, the parties disagree about the bankruptcy judge's application of the particular case-specific facts to the governing recusal standard, leading to his determination that recusal was not warranted." Id.

Thus, this is a dispute about the application of the law to a particular set of facts — which would require the Court "to delve beyond the surface of the record in order to

5

determine the facts" — and is not a "pure, controlling question of law." McFarlin, 381 F.3d at 1258; see also In re Gonzalez, 2016 WL 1253274, at *5 (declining to hear interlocutory appeal of a recusal order "because Appellant's pleadings underscore[d] the fact-specific nature of these proceedings" and the appeal would have "require[d] this Court 'to delve beyond the surface of the record in order to determine the facts'"). Indeed, Appellants' Motion states that the Court should rely on "pleadings, court orders, and hearing transcripts" to resolve this appeal, thereby implicitly acknowledging that this Court would have to delve into the record to review the recusal order. (Doc. # 2 at 15). And, while Appellants contend the facts are uncontested, Appellees insist "the background facts of this matter are absolutely contested." (Doc. # 9 at 4 n.7).

Therefore, the first element of the Section 1292(b) standard for determining whether to entertain an interlocutory appeal is not met.

### B. Substantial Ground for Difference of Opinion

"To satisfy this element of the analysis, a movant must normally demonstrate that at least two courts interpret the relevant legal principle differently." In re Pac. Forest Prod. Corp., 335 B.R. at 922. "It is simply not enough for

6

interlocutory review that the order for which appeal is sought presents a difficult ruling; nor is it sufficient that the movant can demonstrate a lack of authority on the issue." Id. "And where there is controlling authority in the jurisdiction where the order was rendered, there cannot be a substantial difference of opinion." Id.

Appellants argue that "the Bankruptcy Court's ruling in a manner contrary to the rulings of [] various courts, both within and without this jurisdiction, which have considered the issue, is sufficient to support certification of an interlocutory appeal." (Doc. # 2 at 18).

But Appellants fail to cite case law suggesting that at least two courts interpret the relevant legal principle differently. Thus, Appellants have not convinced the Court that a substantial ground for difference of opinion exists.

### C. Advance Ultimate Termination of Litigation

Finally, "[i]nterlocutory appeal is appropriate if determination of the appellate issue will advance the ultimate termination of the litigation." In re Pac. Forest Prod. Corp., 335 B.R. at 924. This requirement "means that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." McFarlin, 381 F.3d at 1259. "Relevant to that

7

analysis is whether a decision on the merits will clarify the issue for other bankruptcy litigants, and otherwise 'preclude the need for further appeals of this type which delay the bankruptcy proceedings.'" In re Pac. Forest Prod. Corp., 335 B.R. at 924 (citation omitted).

"A court considering interlocutory review must also evaluate the stage of litigation and weigh the disruptive effect of an immediate appeal on the Bankruptcy Court proceedings against the probability that resources will be wasted in allowing those proceedings to go forward." Id.

Appellants argue an interlocutory appeal will advance the ultimate termination of the case. They reason:

> If permission to appeal the Recusal Order is not granted, the Bankruptcy Court will proceed to preside over the litigation of the Contested Matter and then, eventually, would rule on the merits of the Contested Matter. Once the Court does so, the Estates will then appeal the Recusal Order. Should the Estates win that appeal, the Bankruptcy Court would be required to recuse itself nunc pro tunc. The Bankruptcy Court's orders related to the litigation of the Contested Matter would then likely be reversed, meaning the Contested Matter would have to be re-litigated.

(Doc. # 2 at 19).

The Court disagrees. It is pure speculation whether the recusal order would be reversed at the end of the case. Furthermore, as Appellees point out, Appellants' argument as

to this element is flawed because if "all a party had to show was that an appeal would prevent a retrial, then all interlocutory appeals would be granted, inconsistent with public policy of doing so only sparingly." (Doc. # 9 at 10-11). Furthermore, Appellants cannot show that an interlocutory appeal of the recusal order will avoid a trial or otherwise shorten the proceedings below. Thus, an interlocutory appeal would not materially advance the ultimate termination of the underlying adversary proceeding.

### III. Conclusion

In short, Appellants have not shown that interlocutory review of the bankruptcy court's order on the motion to recuse is appropriate. See In re Gonzalez, No. 8:12-bk-19213-KRM, 2016 WL 1253274, at *6 (M.D. Fla. Mar. 30, 2016)("Here, CadleRock has not demonstrated that it is appropriate for the Court to consider the denial of the Motion to Recuse on an interlocutory basis, and the Court accordingly declines to exercise jurisdiction over the appeal."). None of the three elements of the Section 1292(b) standard have been met. Therefore, the Court declines to review on an interlocutory basis the order denying in part the motion to recuse.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Appellants' Motion for Leave to File Interlocutory Appeal (Doc. # 2) is **DENIED**.

(2) The Clerk is directed to transmit a copy of this Order to the Clerk of the Bankruptcy Court and, thereafter, close this case.

**DONE and ORDERED** in Chambers in Tampa, Florida, this 30th day of July, 2019.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE